**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BON-AIRE INDUSTRIES, INC., | : | CIVIL ACTION NO. 10-1602 (MLC) |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| v. | : | |
| MITCHELL PRODUCTS, et al., | : | |
| Defendants. | : | |

The plaintiff, Bon-Aire Industries, Inc. ("plaintiff" or "Bon-Aire") brings this action for patent infringement, trademark counterfeiting and willful infringement and dilution, trade dress infringement and dilution, copyright infringement, and unfair competition.  (Dkt. entry no. 1, Compl. at ¶ 9.)  The plaintiff alleges that the defendants, Ken's General Merchandise, Kenny McBrearty ("McBrearty"), Dale Shellenberger ("Shellenberger"), and Larry Scheidt ("Scheidt") (collectively, the "defendants"), are selling or have offered for sale counterfeit versions of its "ULTIMATE® Hose Nozzle."  (Dkt. entry no. 26, Pl. Br. at 1.)[1]

The Court entered an order on April 13, 2010, preliminarily enjoining the defendants from, inter alia, "manufacturing, using, selling or attempting to sell, purchasing, importing, distributing, brokering, promoting, marketing, advertising,

---

[1] Plaintiff has settled this action with respect to defendants Mitchell Products and Mitchell Seinfeld.  (See dkt. entry no. 19, Consent J.)

storing, shipping, receiving or maintaining in its possession any hose nozzle having a trade dress that is identical to, substantially similar to, or a colorable imitation of the ULTIMATE® hose nozzle."  (Dkt. entry no. 17, 4-13-10 Prelim. Inj. Order.)  The Magistrate Judge directed the Clerk of Court to enter default on May 12, 2010, pursuant to Federal Rule of Civil Procedure ("Rule") 55(a), against each of the defendants.  (See dkt. entry no. 22, 5-12-10 Letter Order.)  The Clerk of Court complied with this directive.  (Unnumbered dkt. entry after dkt. entry no. 22.)

The plaintiff now moves for entry of judgment by default against Ken's General Merchandise, McBrearty, Shellenberger, and Scheidt, pursuant to Rule 55(b)(2).  (Dkt. entry no. 26, Notice of Mot.)[2]  The plaintiff seeks:  (1) conversion of the 4-13-10 Preliminary Injunction Order to a permanent injunction; (2) entry of judgment in its favor and against Ken's General Merchandise as to a monetary award in the amount of $14,670; (3) entry of judgment in its favor and against Shellenberger as to a monetary award in the amount of $21,502; (4) entry of judgment in its favor and against Scheidt as to a monetary award in the amount of

---

[2] The Court observes that business entities such as Ken's General Merchandise "may appear in the federal courts only through licensed counsel" and may not be represented pro se. Rowland v. Cal. Men's Colony, 506 U.S. 194, 202-03 (1993); see also United States v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996). No counsel has entered an appearance on behalf of Ken's General Merchandise.

2

$21,502; and (5) an award of attorney's fees and costs.  (Dkt. entry no. 26, Proposed Order & J. of Default at 2.)

Shellenberger filed an Answer on July 1, 2010, approximately one month after the plaintiff filed its motion for entry of judgment by default.  (Dkt. entry no. 27, Answer.)  The plaintiff has not filed any supplemental briefing or notice to the Court with respect to the motion for judgment by entry of default since Shellenberger filed his Answer.

**I.    Standard of Review**

    **A.    Entry of Judgment by Default**

Rule 55(b)(2) authorizes a court to enter judgment by default against "a properly served defendant who fails to plead or otherwise defend an action."  La. Counseling & Family Servs. v. Makrygialos, LLC, 543 F.Supp.2d 359, 364 (D.N.J. 2008).  A court uses its discretion to decide whether to enter judgment by default, considering (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a meritorious defense, and (3) whether the defendant's delay is due to culpable conduct.  Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000).  A court must accept as true the well-pleaded factual allegations of the complaint, but need not accept the moving party's legal conclusions or factual allegations relating to the amount of damages.  Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Rule 55(c) states that "[t]he court may set aside an entry of default for good cause."  The decision to set aside the entry of default pursuant to Rule 55(c) is left primarily to the discretion of the Court.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194 (3d Cir. 1984).  In deciding whether good cause exists to set aside an entry of default, a court considers the same factors used in determining whether to enter judgment by default, except that the standard is "less stringent."  See Hill v. Williamsport Police Dep't, 69 Fed.Appx. 49, 51 (3d Cir. 2003) (noting that Chamberlain's three-part test for granting default judgment was transposed from $55,518.05 in U.S. Currency, which concerned a motion to overturn a default judgment); see also Feliciano v. Reliant Tooling Co., Ltd., 691 F.2d 653, 656 (3d Cir. 1982) (indicating that the standard for setting aside a default is less stringent than for setting aside a default judgment).  Default judgments are disfavored, and any doubts concerning whether a default should be vacated "should be resolved in favor of setting aside the default and reaching a decision on the merits."  Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 122 (3d Cir. 1983).

**B.   Personal Jurisdiction**

The Court "has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." Blythe v. Marauder Corp., No. 09-5695, 2010 WL 3609789, at *1

(D.N.J. Sept. 16, 2010) (citation and quotation omitted). In the absence of personal jurisdiction, an entry of judgment by default is void. Id.; see also Budget Blinds, Inc. v. White, 536 F.3d 244, 258 (3d Cir. 2008) (noting that a judgment is void, such that a party may seek relief from such judgment under Rule 60(b)(4), if the rendering court lacked personal jurisdiction over the party). Once challenged, the plaintiff bears the burden of proving by a preponderance of the evidence facts sufficient to establish personal jurisdiction. Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 146 (3d Cir. 1992).

The Court is satisfied that it has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, based on the plaintiff's assertion of multiple causes of action arising under federal law. However, the Court is concerned as to whether personal jurisdiction over Shellenberger exists, as well as McBrearty and Ken's General Merchandise, who have not appeared in this action but were served in Montezuma, Georgia.

The Court may exercise personal jurisdiction to the extent permitted by the Due Process Clause of the Fourteenth Amendment. Fed.R.Civ.P. 4(e); N.J.Ct.R. 4:4-4. The Due Process Clause requires that a defendant have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d

434, 437 (3d Cir. 1987) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

**II.  Analysis**

The Complaint asserts that the Court "has personal jurisdiction over Defendant Dale Shellenberger because, upon information and belief, Defendant Shellenberger does business in New Jersey, including ongoing business with Defendant Mitchell Products and/or Mitchell Seinfeld, wherein the infringing products are bought and sold, and at least some of Defendant Shellenberger's ongoing business activities in New Jersey gave rise to this complaint."  (Compl. at ¶ 25.)  The Complaint makes identical jurisdictional allegations as to Ken's General Merchandise and McBrearty.  (Id. at ¶¶ 23-24.)

Shellenberger's Answer indicates that (1) he worked at a boat show in Houston for Scheidt, selling Bon-Aire products, (2) at some point, Scheidt "had a new nozzle not as good as Bon-Aire but OK," presumably for Shellenberger to sell, (3) Shellenberger "only work[s] part time so [he] did [not] know the ins and outs of all this," and (4) shortly thereafter, Scheidt asked Shellenberger to "do a show in Fort Lauderdale," which was the last show he worked at selling hose nozzles, due to his declining health.  (Answer at 3-4.)  Shellenberger's interrogatory answers indicate that he "only kn[e]w Mitchell Products and never spoke to them," dealing directly with Mitchell Products' demonstration

6

specialist, Scheidt, and the "only time [Shellenberger] ever sold [the Mitchell Products] nozzle" was at the Houston and Fort Lauderdale shows.  (Dkt. entry no. 26, Wang Decl., Ex. A, Shellenberger Interrog. Nos. 3-4.)  In response to a request for production of documents, Shellenberger stated, "I have not been in N.J. for over 10 yrs and do not live in U.S.A. for past 5 yrs. (Home now on vac.)"  (Id., Shellenberger Req. for Prod. No. 9.) The address given by Shellenberger in his Answer is in Montezuma, Georgia.  (Answer at 5.)

   Shellenberger, Ken's General Merchandise, and McBrearty were all served at the same address in Montezuma, Georgia, indicated by Shellenberger in his Answer.  (Dkt. entry no. 12, Cert. of Serv.; Wang Decl. Ex. C.)  Scheidt, in contrast, was served at an address in Freehold, New Jersey.  (Id.)  The Court's concerns regarding personal jurisdiction are therefore not applicable to Scheidt.  (Dkt. entry nos. 12, 15.)  See Burnham v. Superior Court of Cal., County of Marin, 495 U.S. 604, 616-22 (1990) (affirming validity of in-state service as a basis for exercise of personal jurisdiction).

   The Court suspects, based on the current record, that it lacks personal jurisdiction over Shellenberger, McBrearty, and Ken's General Merchandise.  Shellenberger's pro se Answer may be liberally construed as challenging personal jurisdiction, insofar as he explains that he lived in the Phillippines for the past

7

five years, helped out Scheidt at one or two garden shows in 2009 in Texas and Florida, and "do[es] not understand why [he] is being singled out"; the Court does not read it as consenting to the exercise of personal jurisdiction.  (Answer at 1, 4.) Regardless, the  Court may raise concerns regarding personal jurisdiction <u>sua</u> <u>sponte</u>.  <u>Blythe</u>, 2010 WL 3609789, at *2 (citing <u>Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy</u>, 242 F.3d 322, 324 (5th Cir. 2001)).

Accordingly, we will deny the motion for entry of judgment by default without prejudice, and order the plaintiff to show cause why the Complaint should not be dismissed for lack of personal jurisdiction as to Shellenberger, McBrearty, and Ken's General Merchandise.  The Court will also order the parties to show cause why the Clerk of Court's entry of default should not be set aside as to Shellenberger, pursuant to Rule 55(c).  The preliminary injunction order shall remain in effect as to all defendants.  The plaintiff may, if appropriate, renew its motion for entry of judgment by default, including as to Scheidt, after such time as the order to show cause is resolved.

The Court will issue an appropriate order.

                                                    s/ Mary L. Cooper        
                                             **MARY L. COOPER**
                                             United States District Judge

Dated: December 16, 2010